**So Ordered.**



Patricia C. Williams
Bankruptcy Judge

**Dated: January 23rd, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re: )
)
CLIFFORD P. BERRY and ) No. 12-01226-PCW13
MARGARET H. BERRY, )
) MEMORANDUM DECISION RE:
Debtors. ) CONFIRMATION OF PLAN
)
_____ )

In this chapter 13 case, the below median income debtors propose a plan based upon projected disposable income, which does not include, or only partially includes, social security income. The chapter 13 trustee objected to confirmation of the plan on the basis that, unlike above median income debtors, below median income debtors must include social security income in the calculation of projected disposable income to be paid to unsecured creditors.

**FACTS**

The debtors commenced a Chapter 7 bankruptcy on March 16, 2012, and reaffirmed obligations secured by a 2008 G3 Suncatcher boat and a 2007 GMC Sierra pickup. On June 18, 2012, the United States Trustee filed a motion to dismiss for substantial abuse under 11 U.S.C. § 707(b)(3)(B) as the totality of the debtors' financial circumstances indicated an abuse of the bankruptcy system. At that time, the debtors' Schedule "I" indicated net income of $6,235.67 and Schedule "J" indicated expenses of

MEMORANDUM DECISION RE: . . . - Page 1

$5,821, leaving $414.67 of disposable income available to fund a Chapter 13 repayment plan. The Schedule "J" monthly expenses included a payment of $238 for the boat and a payment of $519 for a 5th wheel trailer. The United States Trustee argued these items were unnecessary for the support of the debtors and further evidenced substantial abuse. At the hearing on September 25, 2012, the court held that the debtors could fund a chapter 13 plan and that the case would be dismissed unless the debtors chose to convert to a chapter 13. The debtors filed a motion to convert on September 28, 2012, and an order was entered on October 3, 2012 converting their case to a chapter 13.

On December 21, 2012, the debtors amended their Schedule "I" to reflect monthly income of $6,235.67, which included $2,720 of social security benefits and amended their Schedule "J" to reflect expenses of $5,574.84, which included the $757 monthly payments on the boat and the 5th wheel trailer. On January 10, 2013, the debtors filed a modified plan requiring monthly payments of $670, with a base of $23,610 and which primarily paid for the 2007 pickup. The modification provides for no distribution or de minimis distribution to the approximately $41,000 of unsecured claims.

The chapter 13 trustee objected to confirmation of the plan on the basis that the debtors were not devoting all projected disposable income to the plan, and debtors were deducting payment for items which were not necessary for the support of the debtors, i.e., the boat and 5th wheel trailer. The trustee's position is that total expenses of $4,817.84 [the expenses on the most current Schedule "J," less payments for the boat and 5th wheel trailer] should be deducted from the income of $6,235.67, resulting in a plan which pays unsecured creditors in full. The debtors' position is that as social security benefits are excluded from income, there is no disposable income available for payment to unsecured creditors and the modified plan should be confirmed.

## ISSUE

Must a below median income chapter 13 debtor include social security income as disposable income when calculating the amount required to be paid unsecured creditors in the chapter 13 plan?

MEMORANDUM DECISION RE: . . . - Page 2

## **ANALYSIS**

In calculating the projected disposable income to be paid to unsecured creditors in a chapter 13, as required pursuant to 11 U.S.C. § 1325(b)(1), the provisions of (b)(2) first require the calculation of "disposable income." The adjective "projected" refers to a temporal measure of the "disposable income," but does not modify the underlying definition of "disposable income." *In re Cranmer*, 697 F.3d 1314 (10th Cir. 2012).

A debtor's disposable income is defined in 11 U.S.C. § 1325 (b)(2) as the debtor's current monthly income, less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. For above median income debtors, the expenses to be deducted from the current monthly income are, at least primarily, to be determined in accordance with the "means test" adopted by BAPCPA in 11 U.S.C. § 707(b)(2). For below median income debtors, the expenses to be deducted from the current monthly income are determined in accordance with pre-BAPCPA standards which are less rigid and formulaic. *Schultz v. United States*, 529 F.3d 343 (6th Cir. 2008) and *Baud v. Carroll*, 634 F.3d 327 (6th Cir. 2011). Generally, a plan which continues payment of unreasonable or unnecessary expenses, but pays nothing to unsecured creditors, is not consistent with the calculation of disposable income under § 1325 (b)(2) nor meets the requirements of 11 U.S.C. § 1325(a)(3), which requires a chapter 13 plan to be proposed in good faith.

In this situation, the debtors' plan proposes to continue payments on claims secured by a boat and a 5th wheel trailer, neither of which are necessary for the support of the debtors. Such expenses are not allowed under 11 U.S.C. § 1325(b)(1) and (2). The plan ordinarily could not be confirmed as it would not meet the disposable income requirement of § 1325(b)(2) nor the good faith requirement of (a)(3). The debtors argue, however, that in fact they are devoting all disposable income to the payment of unsecured creditors as required by 11 U.S.C. § 1325(b)(1) and (2) because the source of the payment of those unnecessary expenses is not disposable income. The source is social security benefits received by the debtors, which is excluded from any calculation

of disposable income.[1]

11 U.S.C. § 1325(b)(2) requires calculation of disposable income based on deductions of reasonable necessary expenses from current monthly income. Current monthly income is defined in 11 U.S.C. § 101(10A)(A) and (B) as the average monthly income received from all non-excluded sources during the 6-month period prior to filing the bankruptcy petition. That statutory provision excludes benefits received under the Social Security Act from the calculation of current monthly income.

The trustee agrees that 11 U.S.C. § 1325(b)(3) requires above median income debtors to pay all disposable income to unsecured creditors as disposable income is determined under the means test. As the means test in 11 U.S.C. § 707(b)(2) specifically refers to currently monthly income, which is defined in 11 U.S.C. § 101(10A)(A) and (B), the income portion of the calculation of disposable income determination does not include social security. However, 11 U.S.C. § 1325(b)(3) applies only to above median income debtors. The trustee argues that § 1325(b)(2) is the appropriate test for below income debtors, and that test does not rely on the means subsection to determine disposable income.

Each of the three circuits which have considered the issue of inclusion of social security income in the disposable income calculation have involved above median income debtors. *Baud* and *Cranmer*, *supra*, and *In re Ragos*, 700 F.3d 220 (5th Cir. 2012). Each of those decisions begin with the analysis of the definition of disposable income in 11 U.S.C. § 1325(b)(2) and relies upon the definition of current monthly income in 11 U.S.C. § 101(10A)(A) and (B). That definition and the mandate of 11 U.S.C. § 1325(b)(2) are not limited to above median income debtors. The term "current monthly income" in 11 U.S.C. § 1325(b)(2) is the same term which is defined

---

[1] Debtors' analysis has an element of sophistry. There is no evidence that social security funds received by the debtors are segregated in any way from other sources of income. One could just as easily maintain that the social security income is being used to pay ordinary household expenses and other income is being used to pay for the boat and 5th wheel trailer.

MEMORANDUM DECISION RE: . . . - Page 4

in 11 U.S.C. § 101(10A)(A) and (B) and carries the same meaning. The current monthly income used in 11 U.S.C. § 1325(b)(2) to calculate disposable income excludes social security income.

The Bankruptcy Appellate Panel's opinion in *In re Welsh*, 465 B.R. 843 (B.A.P. 9th Cir. 2012) focused on the issue of whether, under the good faith requirement of 11 U.S.C. § 1325(a)(3), an above median income debtor would be allowed to deduct expenses which were not necessary for the support of the debtor under the means test. The Bankruptcy Appellate Panel also considered whether good faith requires the inclusion of social security income in current monthly income.[2] The trustee in this case has not raised the issue of the debtors' good faith.[3] The analysis of the Bankruptcy Appellate Panel, although focused on the issue of good faith, is relevant to this case as it concluded that social security income is excluded from the calculation of disposable income of above median income debtors under 11 U.S.C. § 1325 (b)(3). The calculation of disposable income for above median income debtors begins with current monthly income, which by statute does not include social security benefits. The logic and analysis contained in *Welsh* would also apply to 11 U.S.C. § 1325(b)(2) relating to below median income debtors as the calculation of disposable income for those debtors begins with current monthly income, which by statute does not include social security benefits. Thus,

---

[2]This court disagrees with the conclusion of the Bankruptcy Appellate Panel that deducting unnecessary and unreasonable expenses under the means test is not an indication that the plan was not proposed in good faith. The reasoning of the dissent in *Welsh* and the later trial court decision, *In re Vandenberg*, 2012 WL 1854298 (Bankr. D. Ariz. May 21, 2012), reached the correct result. Also, to the extent *Welsh* concludes that the failure to include social security income as current monthly income can never be a factor in determining good faith under the totality of circumstances test under 11 U.S.C. § 1325(a)(3), this court disagrees. *Welsh* and *Ragos*, *supra*, and *Cranmer*, *supra*, all conclude that the failure to include social security income cannot be the sole factor in determining bad faith. The question whether the exclusion of social security income could, under appropriate circumstances, be a contributing factor in the totality of circumstances test, must be determined in a case which raises the issue.

[3]The trustee's brief states that the trustee reserves the right to later raise any issue of good faith.

MEMORANDUM DECISION RE: . . . - Page 5

the current monthly income for these below median debtors is $3,515.67 [$6,235.67 as shown on the Schedule "J," less the $2,720 of social security benefits].

## **CONCLUSION**

The calculation of disposable income for below median income debtors begins with current monthly income, which by statute does not include social security benefits. The current monthly income for these debtors is $3,515.67. From that current monthly income, pursuant to 11 U.S.C. § 1325(b)(2), debtors are allowed to deduct expenses reasonable and necessary for the support of the debtors. In this situation, the debtors are allowed to deduct $4,817.84 [the expenses shown on the Schedule "J," less the payments on the boat and 5th wheel trailer]. The mathematical calculation results in a lack of disposable income. This does not preclude these or any debtors from voluntarily devoting some portion of their social security benefits to fund a plan, and many debtors do so. They cannot, however, be forced to devote social security income to fund a plan if they have no disposable income after deducting reasonable necessary expenses from current monthly income as required by 11 U.S.C. § 1325(b)(2).

The trustee's objection to confirmation based upon debtors' failure to include social security income in the calculation of projected disposable income is overruled.